IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **J&J SPORTS PRODUCTIONS, INC.** *as Broadcast Licensee of the May 5, 2012 Floyd Mayweather, Jr. v. Miguel Cotto Event,* § § § § § | | |
| Plaintiff, § | | |
| § | | |
| v. § | Civil Action No. **3:15-CV-1363-L** | |
| § | | |
| **CARBONERO MEXICAN GRILL, INC.** *individually d/b/a Carbonero Mexican Grill a/k/a Carbonero Mexican Restaurant;* **and BRISA MOJICA** *individually d/b/a Carbonero Mexican Grill a/k/a Carbonero Mexican Restaurant a/k/a Briska Mujica,* § § § § § § § § | | |
| Defendants. § | | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff's Motion for Final Default Judgment, filed October 5, 2015. After carefully considering the motion, record, and applicable law, the court **grants** Plaintiff's Motion for Final Default Judgment.

**I.    Background**

J&J Sports Productions, Inc., ("J&J" or "Plaintiff") sued Carbonero Mexican Grill, Inc. and Brisa Mojica ("Defendants") in this action. Plaintiff sued Defendants for alleged violations of 47 U.S.C. §§ 553 and 605. J&J contends that Defendants illegally intercepted the closed-circuit telecast of the May 5, 2012 Floyd Mayweather, Jr. v. Miguel Cotto Event, (the "Event") and exhibited the Event in Defendants' Establishment, Carbonera Mexican Grill a/k/a Carbonera Mexican Restaurant, located at 2828 Webb Chapel Extension, Dallas, Texas 75220, as well as the

undercard and preliminary bouts to the Event. According to J&J, Defendants did not pay the required licensing fee to J&J and did not receive J&J's authorization to show the Event. The Summons and Complaint were served on Defendants on June 13, 2015. The deadline for Defendants to answer or otherwise respond was 21 days after service, which was July 4, 2015. As July 4, 2015, was a Saturday and a holiday, Defendants should have filed an answer on July 6, 2015. *See* Fed. R. Civ. P. 12. Despite being served, Defendants, as of the date of this opinion and order, have not served an answer or otherwise responded to Plaintiff's Original Complaint ("Complaint"). Further, the court determines that Defendants are not infants, mentally incompetent persons, or members of the United States military. The clerk of court entered a default against Defendants on October 6, 2015.

J&J was the exclusive licensee through a licensing agreement, and Defendants did not have authorization from J&J to show the Event at his establishment. Plaintiff possessed the proprietary right to exhibit and sublicense the Event through a licensing agreement with the promoter of the Event. As such, J&J was licensed to show the Event at closed-circuit locations throughout the state of Texas, and the Event was legally available to a commercial establishment in Texas only if the commercial establishment had an agreement with J&J. No agreement between J&J and Defendants existed that would have allowed Defendant to broadcast the Event to patrons at Defendants' establishment. On May 5, 2012, Defendants intercepted, or assisted in the interception of, the transmission of the Event and broadcast or aired it for viewing by the patrons of Defendants' establishment. Plaintiff's auditor observed the Event being telecast on two televisions to 30 patrons at Defendants' establishment.

**Memorandum Opinion and Order – Page 2**

**II.      Discussion**

A party is entitled to entry of a default by the clerk of the court if the opposing party fails to plead or otherwise defend as required by law. Fed. R. Civ. P. 55(a). Under Rule 55(a), a default must be entered before the court may enter a default judgment. *Id.*; *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). The clerk of the court has entered a default against Defendants.

Defendants, by failing to answer or otherwise respond to Plaintiff's Complaint, has admitted the well-pleaded allegations of the Complaint and is precluded from contesting the established facts on appeal. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (citations omitted). Based on the well-pleaded allegations of Plaintiff's Complaint, which the court accepts as true, and the record in this action, the court determines that Defendants are in default.

Further, based upon the record, evidence, and applicable law, the court concludes that Defendants have violated 47 U.S.C. §§ 553 and 605, that J&J is an aggrieved party under the statute, and that it is entitled to statutory damages and reasonable attorney's fees for Defendants' statutory violations. Accordingly, the court determines that Defendants are liable to J&J in the amount of $5,000, pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II), and J&J shall recover this amount from Defendants. Further, the court determines that an additional $25,000 shall be awarded to J&J, pursuant to 47 U.S.C. § 605(e)(3)(C)(ii), because the record reflects that Defendants' actions were willful and for the purpose of direct or indirect commercial advantage or private financial gain. Moreover, the court determines that such damages are necessary to deter Defendants and other commercial establishments and entities from pirating or stealing protected communications.

The court also concludes that J&J is entitled to reasonable attorney's fees; however, the court disagrees that reasonable attorney's fees should be based on 33 1/3 percent of the damages awarded. The court does not believe that such a fee is reasonable under the circumstances of the case. The court believes that the lodestar method, that is, the number of hours reasonably expended times a reasonable hourly rate, should apply in this case. The lodestar method adequately compensates Plaintiff's counsel, Mr. David M. Diaz, in this case for legal services performed. Plaintiff's counsel estimates that he has expended approximately four hours on this litigation and believes that a blended hourly rate of $250 is reasonable for antipiracy litigation, considering his firm's experience with antipiracy cases. The court is familiar with Plaintiff's counsel's law firm and agrees that an hourly rate of $250 is certainly reasonable under the circumstances of this case. The court has awarded this hourly rate in prior cases handled by Mr. Diaz. Accordingly, the court awards Plaintiff $1,000 as reasonable attorney's fees in this case. The court declines to award attorney's fees for postjudgment work, including appellate matters, as the amount of such fees is speculative and unknown. If additional hours are expended postjudgment, Plaintiff will have an opportunity to seek such fees.

### III.  Conclusion

For the reasons herein stated, the court **grants** Plaintiff's Motion for Final Default Judgment. As required by Federal Rule of Civil Procedure 58, the court will issue a final default judgment against Defendants, jointly and severally, and in favor of J&J in the total amount of $31,000, which consists of $5,000 as statutory damages; $25,000 additional statutory damages; and $1,000 as reasonable attorney's fees. Postjudgment interest will accrue on the judgment at the applicable federal rate of **.52 percent** from the date of its entry until it is paid in full.

**Memorandum Opinion and Order – Page 4**

**It is so ordered** this 10th day of February, 2016.

                                                                    _____
                                                                    Sam A. Lindsay
                                                                    United States District Judge